UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
07-CR-254 (JMR/JSM)
10-CV-1354 (JMR)

United States of America )
                         )
        v.               )    ORDER
                         )
David John Luoma         )

Petitioner, David John Luoma, pro se, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. His motion is denied.

I. Background[1]

On January 28, 2008, Mr. Luoma pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). His plea was entered pursuant to a plea agreement signed and initialed by all parties. The parties agreed the charge carried a maximum 10 year prison term, followed by a term of supervised release ranging from 3 years to life, and a fine up to $250,000. The parties further agreed the Court was not bound by either the plea agreement or the Sentencing Guidelines. [Docket No. 37.]

At the change of plea hearing, the Court found Luoma competent and capable of entering a plea, and carefully reviewed the plea agreement's terms with him. (Pl. 14-15.) Luoma stated he understood the terms of the plea agreement. (Pl. 16.) Prior to

---

[1] The facts are taken from the pleadings in this case. For convenience, the change of plea transcript will be cited as "Pl.," the sentencing transcript as "S.", and defendant Luoma's § 2255 Memorandum as "Def.'s Mem.".

sentencing, the probation office prepared a presentence investigation report ("PSI"). The PSI calculated a presumptive guideline range of 46 to 57 months' imprisonment, and a fine range of $10,000 to $100,000. The PSI suggested Luoma was able pay a fine within that range. The PSI also identified the possibility that supervised release could last as long as life, and that, under Sentencing Guideline § 5D1.2(c), the statutory maximum term is recommended for sex offenses.

At the sentencing hearing on February 5, 2009, Luoma acknowledged receiving and reviewing the PSI. (S. 3.) Neither party objected to the PSI. The Court adopted the statements of the PSI as its findings of fact. (S. 3-4.) The Court sentenced Luoma to 46 months' imprisonment, a lifetime term of supervised release, and a fine of $10,000. Shortly thereafter, Luoma paid the fine in full. Luoma appealed only the amount of the fine, arguing it was unreasonable, and the Court did not properly consider the burden it would place on his wife. The Eighth Circuit Court of Appeals affirmed the fine. United States v. Luoma, 346 Fed. Appx. 129 (8th Cir. 2009).

On April 9, 2010, Luoma timely filed this motion seeking relief pursuant to 28 U.S.C. § 2255. He now, for the first time, claims the PSI contained erroneous information which adversely affected his sentence. He also claims ineffective assistance of counsel, in that his attorney did not adequately assist him in his

plea negotiations, and failed to investigate relevant evidence. The government opposes the motion.

II. Analysis

A petitioner seeking relief under 28 U.S.C. § 2255 must show he is entitled to have his sentence vacated, corrected, or set aside because:

> [t]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. Section 2255 is reserved for violations of constitutional rights, and "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

Luoma claims his sentence violates the Constitution or laws of the United States. He denies receiving the PSI prior to sentencing, thus denying him the chance to object to the mistakes he claims it contains. He argues his lawyer failed to inform him of the possibility of a life term of supervised release, and failed to investigate relevant evidence. Luoma also contests information in the PSI which he claims led the Court to impose an overly burdensome fine.

A. Presentence Investigation

Luoma claims he did not receive the PSI until June 4, 2009, five months after his sentencing. (Def.'s Mem. at 2-4.) The

Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") provide that defendant and his attorney must receive the PSI "at least 35 days before sentencing unless the defendant waives this minimum period." Fed. R. Crim. P. 32(e)(2). The Court finds Luoma's new-found denial that he saw the PSI prior to sentencing, and his claim he did not understand what it was at the time of sentencing, is false and contradicted by the record.

The sentencing hearing transcript clearly shows Luoma stated he had seen the PSI and reviewed it with his attorney.

> THE COURT: Counsel, you did receive a copy of the presentence investigation, is that correct?
>
> MS. GEORGE: That's correct, your Honor. We have no objections to it.
>
> THE COURT: Mr. Luoma, you've received a copy of that report, that statement about you and your family and your background, that kind of longish report?
>
> DEFENDANT: Yes, your Honor.
>
> THE COURT: You did? You went over it with your lawyer?
>
> DEFENDANT: Yes.

(S. 3) Neither Luoma nor his counsel lodged any objection to the PSI's findings at sentencing; therefore, the Court adopted the findings as fact. See United States v. Davis, 583 F.3d 1081, 1095 (8th Cir. 2009). Other than his bare assertion, Luoma offers no evidence showing he did not see the PSI prior to sentencing; quite to the contrary, the record evidence of his own statements shows the assertion is false.

Accordingly, Luoma's assertion that he did not receive the PSI provides no basis for this Court to grant relief under Section 2255.

B. <u>Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, Luoma must show his counsel's performance was deficient, and seriously prejudiced his case. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The Court's review is highly deferential, and since it is difficult not to distort facts in hindsight, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689.

In examining Luoma's claims of ineffective assistance, the Court looks at the second <u>Strickland</u> prong of whether the errors Luoma claims his counsel made prejudiced the outcome of the case.

> The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

<u>Id.</u> at 691-92 (emphasis omitted). Thus, the Court "need not address the competency of counsel's performance if the prejudice issue is dispositive." <u>Blankenship v. United States</u>, 159 F.3d 336, 338 (8th Cir. 1998).

"[I]t is the responsibility of defense counsel to inform a defendant of the advantages and disadvantages of a plea agreement

5

and the attendant statutory and constitutional rights that a guilty plea would forgo." Libretti v. United States, 516 U.S. 29, 50-51 (1995). Luoma claims he did not agree to the supervised release range of 3 years to life; that he was rushed into signing the plea agreement; that he was not informed that he could counter the plea offer; and that he was threatened by his counsel with a much higher sentence if he did not accept the plea agreement. (Def.'s Mem. at 4-7.) For the following reasons, the Court finds all these arguments are without merit.

"Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). As a result, "the Constitution insists . . . that the defendant enter a guilty plea that is voluntary and . . . make related waivers knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences." United States v. Ruiz, 536 U.S. 622, 628 (2002) (internal quotations and citation omitted). "The general rule is that a valid guilty plea waives all non-jurisdictional defects. Stated differently, a valid guilty plea forecloses an attack on a conviction unless on the face of the record the court had no power to enter the conviction or impose the sentence." Walker v. United

States, 115 F.3d 603, 604 (8th Cir. 1997) (internal citation and quotation omitted).

In this case, the record shows Luoma pleaded guilty and accepted the terms of the plea agreement voluntarily. His bald assertion that he did not know the range of supervised release is contradicted by the record. At the change of plea hearing, the Court found Luoma capable of entering into a plea agreement, and Luoma proceeded to voluntarily plead guilty. (Pl. 6, 17.) The Court fully explained the terms of the plea agreement, which included the term of supervised release:

> The Court: All right. Sir, you are charged, as I understand it, in a single Count with possession of child pornography, in violation of federal law. The penalty for that crime is from zero to ten years. There's a zero to 250,000-dollar fine and, then, there's a 100-dollar special assessment. [ . . . ] <u>Then, after you get out of jail, you and I are not finished, then, at that point, you owe what is called "supervised release." Now, the penalty for that is from three years up to the rest of your life.</u> You also need to understand – let's assume that I give you five years – I'm just picking a number out of my head right now – but if I did, and you show me a calendar where you marked off every month that you were in, and you say, "well, I've already done my five," the answer is "Maybe."
>
> But that's not the end of the deal. Supervised release is kind of like parole, it's after, and it can extend beyond the sentence time; do you understand that?
>
> Defendant: I do, your honor.

(Pl. 12-13 (emphasis added).) In addition, Luoma signed and initialed the pages of his plea agreement, which specifically included the terms of the supervised release. There is even a

7

hand-written correction initialed by Luoma in the "Supervised Release" paragraph of the plea agreement, correcting the range from 5 years to life, to 3 years to life. [Docket No. 37, at 5.]

Even if Luoma admits to having seen and approved the plea agreement, the Court, of course, is not bound to its terms, and may impose a sentence different from that contemplated in the plea agreement. See Libretti, 516 U.S. at 43. The Eighth Circuit has held a defendant may not challenge the terms of the sentence imposed after accepting the plea agreement. United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989). To satisfy the "prejudice" prong of Strickland, defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, Luoma's attorney successfully negotiated a 46 month sentence, which the Court imposed. There is no evidence Luoma placed particular emphasis on the supervised release term, as opposed to the imprisonment term, when deciding to plead guilty. See id. at 53. Luoma made an agreement in writing and under oath before the Court. Having received the benefits of that agreement, he may not now assert it is invalid.

For these reasons, Luoma cannot show any prejudice. His claim that he would not have pleaded guilty if the term of supervised release was 3 years to life is flatly contradicted by his own

8

initials on the plea agreement page agreeing to the same thing, as well as his plea statement. Even if the Court assumed counsel did not inform Luoma of the supervised release term - and the Court does not so assume - there can be no showing of prejudice.

Luoma next claims he did not have sufficient time to contemplate the plea agreement before signing it and pleading guilty. (Def.'s Mem. at 5.) Again, the Court specifically asked Luoma, who was under oath, "Have you had enough time to speak with her [Ms. George] about these matters?" to which the defendant replied, "Yes, I have." (Pl. at 5.) The Court further inquired: "And have you been satisfied with her assistance?" And again, Luoma replied "Yes, I have, your Honor." Id.

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Since Luoma told the Court he had sufficient time with counsel and was satisfied with her performance, the Court finds his claim on this issue wholly unpersuasive. See United States v. Baxter, 128 F.3d 670, 670 (8th Cir. 1997) (finding defendant's claims he did not know potential sentencing range, and had only spoken with counsel for five minutes before signing plea agreement, insufficient basis for withdrawal of guilty plea, where plea hearing record made clear

9

that plea was knowing and voluntary).

Luoma next argues his counsel was ineffective in not notifying him of his right to counter the plea offer by the government. (Def.'s Mem. at 6.) The Court knows of no such right being recognized by the United States Supreme Court or the Eighth Circuit. This was his plea agreement. He read it, signed it, assented to it in court, and stated he understood it. Under these circumstances, it is hard to imagine how he could have "countered" it, other than by going to trial, which he told the Court he had opted against. The Court told Luoma he had "an absolute right to plead not guilty," and that doing so would force the government to prosecute the case. (Pl. 6-7.)

Nonetheless, even if the Court were to assume Luoma had a right to counter the government's plea offer, which was not communicated by counsel, Luoma would have to demonstrate prejudice under the second prong in <u>Strickland</u>. 466 U.S. at 687. Luoma offers no evidence that he had a counteroffer that the government would have accepted. The Court discerns absolutely no cognizable prejudice in the way defense counsel handled plea negotiations.

Luoma also claims his counsel threatened him with a higher sentence if he did not accept the plea agreement. He offers no evidence to support this conclusory allegation, and his claim is, once again, contradicted by the record. At the change of plea hearing, the Court asked Luoma whether he had been threatened or

10

coerced in any way into accepting the plea agreement, to which he replied in the negative. (Pl. 16.) Again, Luoma was specifically advised he could maintain his plea of not guilty and go to trial. The Court made clear at the hearing that Luoma had "an absolute right to plead not guilty," and that doing so would force the government to prosecute the case. (Pl. 6-7.) Luoma chose to plead guilty and accept the benefits of the plea agreement.

By the date of sentencing, defense counsel had successfully negotiated with the government an agreement to secure a sentence at the low end of the guideline range. The Court imposed this lower sentence even though the PSI contemplated a higher sentence. (S. 11.) Luoma has wholly failed to show any evidence that, but for counsel's actions, he would have received a lower sentence or a shorter term of supervised release. As a result, the Court finds no prejudice under the second prong in Strickland.

Finally, Luoma claims his counsel was ineffective for failing to investigate relevant evidence. He states he asked his counsel to investigate his claim he properly notified Yahoo! authorities about child pornography he found on his computer. He also asserts his attorney failed in her duties by denying him the right to testify about the examination of his hard drive.

Setting aside Luoma's sworn statement to the Court that he was satisfied with his lawyer's work (Pl. 5), if Luoma is to succeed on this claim, he must show prejudice from counsel's alleged failure

to investigate.  To demonstrate prejudice, defendant must furnish "examples of evidence counsel could have discovered through further investigation or . . . exculpatory information [defendant] could have conveyed to counsel through further consultation."  Neal v. Acevedo, 114 F.3d 803, 806 (8th Cir. 1997).  He must also show a reasonable probability that, had the evidence been presented to the Court, a different outcome would have resulted.  See Payne v. United States, 78 F.3d 343, 348 (8th Cir. 1996).

Here, Luoma has failed to show either of these in his blunderbuss blast of complaints against his counsel.  In any event, they have been waived by his guilty plea, and the Court concludes he cannot show prejudice from counsel's alleged failure to investigate.  See Walker, 115 F.3d at 604 (valid guilty plea waives all non-jurisdictional defects).

C. Fine

Luoma's assertion that false information in the PSI led the Court to impose the overly burdensome $10,000 fine is moot. Clearly, he could afford it:  he paid it.  More than that, this claim is foreclosed, because he appealed this very issue to the Eighth Circuit, which affirmed.  Luoma, 346 Fed. Appx. at 129. "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001).  Having raised and lost the issue on appeal, Luoma is precluded from

relitigating it before this Court.

   D.  Evidentiary Hearing/COA

"[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). The Court finds Luoma's allegations are contradicted by the record and conclusory. He has failed to raise an issue of fact as to any of the claims raised in his §2255 motion. Accordingly, the motion is denied.

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). The Court concludes that no issue raised in this petition is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

III. Conclusion

For the foregoing reasons, IT IS ORDERED that Luoma's motion to vacate, set aside, or correct his sentence under 28 U.S.C. §

2255 [Docket No. 55] is denied.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 25, 2010

<u>s/ James M. Rosenbaum</u>  
JAMES M. ROSENBAUM  
United States District Judge